VENABLE LLP
Angel A. Garganta (163957)
agarganta@venable.com
Steven E. Swaney (221437)
seswaney@venable.com
Amit Rana (291912)
arana@venable.com
Antonia I. Stabile (329559)
astabile@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:    415.653.3750
Facsimile:    415.653.3755

MORRISON & FOERSTER, LLP
Jessica L. Grant (178138)
jgrant@mofo.com
425 Market Street
San Francisco, CA 94105-2482
Telephone:    415.268.7000
Facsimile:    415.268.7522

Attorneys for Defendant
PREMIER NUTRITION COMPANY, LLC

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATHLEEN SONNER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PREMIER NUTRITION COMPANY, LLC,<br><br>　　　　　Defendant. | Case No.<br><br>[Alameda County Superior Court Case No. RG 20072126]<br><br>Assigned to:   Hon.<br>Dept.<br><br>**DEFENDANT PREMIER NUTRITION COMPANY, LLC'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>**CLASS ACTION**<br><br>Action Filed: September 1, 2020<br>Removal:       October 23, 2020 |

# NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Premier Nutrition Company, LCC ("Premier"), by and through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of California for the County of Alameda, in which it is now pending, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, on the grounds that federal jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Pursuant to 28 U.S.C. § 1446(a), set forth below is a statement of the grounds for removal, and attached hereto as Exhibits 1 and 2 are copies of all process, pleadings, and orders served to date in this case.

## I. PROCEDURAL HISTORY

1. On September 1, 2020, Plaintiff Kathleen Sonner ("Plaintiff"), individually and on behalf of all others similarly situated, filed this action, captioned *Kathleen Sonner v. Premier Nutrition Company, LLC*, Civ. Action No. RG20072126, in the Superior Court of the State of California for the County of Alameda (the "Action"). True and correct copies of Plaintiff's Summons and Complaint (the "Complaint") and Civil Case Cover Sheet are attached as Exhibit 1.

2. Service of the Summons and Complaint was completed on September 24, 2020, when Premier Nutrition Company, LLC signed the Notice and Acknowledgement of Receipt under Cal. Code Civ. Proc. § 415.30. A true and correct copy of the Notice and Acknowledgment of Receipt is attached as Exhibit 2.

3. The Complaint alleges a variety of claims against Premier arising out of its marketing and sale of its "Joint Juice" products (the "Products"). *See* Compl., Ex. 1, at ¶¶ 1-3. Specifically, Plaintiff alleges that Premier falsely advertises the health benefits of the Products. *See id.* Based on these allegations, Plaintiff asserts claims for alleged violations of California's Unfair Competition Law ("UCL") and California's Consumers Legal Remedies Act ("CLRA"). *See id.* ¶¶ 122-140.

4. The Complaint seeks relief on behalf of "[a]ll persons who purchased in California any Joint Juice product from March 1, 2009 until June 20, 2016." *See* Compl., Ex. 1, at ¶ 112.

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415-653-3750

Specifically, the Complaint seeks: (1) restitution and disgorgement; (2) injunctive relief; (3) order of corrective advertising; and (4) attorneys' costs and fees. *Id.* at 38-39, Request for Relief.

5. Plaintiff's claims are identical to claims she litigated for four years before the Hon. Judge Seeborg in the Northern District of California, which were dismissed with prejudice in 2017. The Ninth Circuit recently affirmed Judge Seeborg's dismissal. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 845 (9th Cir. 2020) ("[B]ecause Sonner fails to demonstrate that she lacks an adequate legal remedy in this case, we affirm the district court's order dismissing her claims for restitution.").

6. This Action is also based on virtually identical allegations made in eight other related class actions brought by plaintiffs from different states that are currently pending in the Northern District of California before the Hon. Judge Seeborg.[1]

7. Premier has not filed an Answer or other responsive pleading to the Complaint, and the Parties have not issued or commenced discovery in this Action.

## II. GROUNDS FOR REMOVAL

8. Plaintiff's claims are removable because the Class Action Fairness Act ("CAFA") provides this Court with jurisdiction. *See* 28 U.S.C. §§ 1332(d), 1453. CAFA extends federal jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (i.e., minimal diversity exists); (2) the putative class consists of more than 100 members; and (3) the amount in controversy is $5 million or more, aggregating all claims and exclusive of interests and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B).[2] Each of these requirements is satisfied here.

---

[1] *See Caiazzo v. Premier Nutrition Corp.*, No. 3:16-cv-06685-RS (Florida); *Lux v. Premier Nutrition Corp.*, No. 3:16-cv-06703-RS (Connecticut); *Ravinsky v. Premier Nutrition Corp.*, No. 3:16-cv-06704-RS (Pennsylvania); *Dent v. Premier Nutrition Corp.*, No. 3:16-cv-06721-RS (Illinois); *Fishon v. Premier Nutrition Corp.*, No. 3:16-cv-06980-RS (New York); *Simmons v. Premier Nutrition Corp.*, No. 3:16-cv-07078-RS (Michigan); *Spencer v. Premier Nutrition Corp.*, No. 3:16-cv-07090-RS (Maryland); *Schupp v. Premier Nutrition Corp.*, No. 3:17-cv-00054-RS (Massachusetts).

[2] A "class action" includes any civil action filed under Federal Rule of Civil Procedure 23 or "similar State statute or rule of judicial procedure." *See* 28 U.S.C. § 1332 (d)(1)(B).

### A. Minimal Diversity Exists

9. Minimal diversity exists because at least one class member and one defendant are citizens of different states. *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 578 n.6 (2004) ("We understand 'minimal diversity' to mean the existence of at least one party who is diverse in citizenship from one party on the side of the case, even though the extraconstitutional 'complete diversity' required by our cases is lacking."). Although the Complaint alleges that Premier's "headquarters and primary place of business is in California" (Compl., Ex. 1, at ¶ 7), Premier is an LLC,[3] not a corporation, so its headquarters and primary place of business are irrelevant to its citizenship. *See, e.g., Graf v. Match.com, LLC*, No. CV 15-2913 PA (MRWx), 2015 WL 12660406, at *2 (C.D. Cal. Apr. 20, 2015) ("Because the defendant is a limited liability company, and not a corporation, Plaintiff's allegations concerning the state of incorporation and the location of the LLC's headquarters do not properly allege [defendant] LLC's citizenship."); *see also Muniz v. UtiliQuest, LLC*, No. CV 18-1594 PA (SKx), 2018 WL 1128423, at *2 (C.D. Cal. Feb. 28, 2018) ("Because Defendant is an LLC rather than a corporation, its principal place of business and state of formation do not establish its citizenship."). Properly analyzed under the legal principles applicable to LLCs, Premier is a citizen of Delaware, Missouri and Texas for purposes of diversity jurisdiction.

10. Unlike a corporation, which is a citizen of its state of incorporation and the state where its principal place of business is located, citizenship of an LLC is determined by looking to the citizenship of its owners/members. *NewGen, LLC v. Safe Cig., LLC*, 840 F.3d 606, 612 (9th Cir. 2016) ("A limited liability company 'is a citizen of every state in which its owners/members are citizens,' *not the state in which it was formed or does business*.") (emphasis added) (quoting *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.")).

---

[3] Premier Nutrition Corporation converted to a limited liability company and changed its corporate name to Premier Nutrition Company, LLC on September 30, 2019. *See* Declaration of Craig Rosenthal ("Rosenthal Decl."), attached as Exhibit 3, at ¶ 3.

11.     Premier Nutrition Company, LLC's only member is its sole 100% owner, Dymatize Enterprises, LLC.  *See* Rosenthal Decl. ¶ 3.  Because Dymatize Enterprises is also an LLC, its citizenship also depends on the citizenship of its owners/members.  Dymatize Enterprises has two owners/members: BellRing Brands, LLC and TA/DEI-A Acquisition Corporation.  *Id.* ¶ 4.  BellRing Brands, LLC's only owners/members are BellRing Brands, Inc. and Post Holdings, Inc.  *Id.* ¶ 6.  Thus, Premier's citizenship is determined by the citizenship of its ultimate corporate owners/members: (1) Post Holdings, Inc.; (2) BellRing Brands, Inc. and (3) TA/DEI-A Acquisition Corp.

12.     Post Holdings, Inc.—a corporation—is a citizen of Missouri because it is incorporated in Missouri and has its principal place of business and headquarters in St. Louis, Missouri.  *See* Rosenthal Decl. ¶¶ 7, 9 (establishing that the operations of Post Holdings, Inc. are managed, directed, and controlled at its corporate headquarters in St. Louis, Missouri); *see also* 28 U.S.C. § 1332(c)(1) (the citizenship of a corporation is where "it has been incorporated and … where it has its principal place of business"); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (the "principal place of business" of a corporation is the "nerve center . . . where the corporation maintains its headquarters").

13.     BellRing Brands, Inc.—a corporation—is a citizen of both Delaware and Missouri because it is incorporated in Delaware and has its principal place of business and headquarters in St. Louis, Missouri.  *See* Rosenthal Decl. ¶ 8; *Hertz*, 559 U.S. at 92-93.  BellRing Brands, Inc. is operated as a business segment of Post Holdings, Inc., and Post Holdings, Inc. controls 67% of the combined voting power of BellRing Brands, Inc.'s common stock.  Rosenthal Decl. ¶ 9. BellRing Brands, Inc. shares its headquarters and executive offices with Post Holdings, Inc. in St. Louis, and BellRing Brands, Inc. holds its annual shareholder meeting and in-person board of directors meetings in St. Louis.  *Id*.  The Executive Chairman of BellRing Brands, Inc., Rob Vitale, is also the President and CEO of Post Holdings, Inc.  *Id.*  Thus, the "nerve center" of BellRing Brands, Inc. is its headquarters in St. Louis, Missouri, because its corporate operations are managed, directed, and controlled from that location.  *Id.* ¶ 10; *see Hertz*, 559 U.S. at 95 (adopting administratively simple "nerve center" test that "points courts in a single direction,

towards the center of overall direction, control, and coordination" of a corporate entity, rather than having courts "try to weight corporate functions, assets, or revenues different in kind, one from the other"); *Moore v. Johnson & Johnson*, 907 F. Supp. 2d 646, 659-660 (E.D. Pa. Nov., 1, 2012) (holding that a corporation's "nerve center" is the location where the executives who "provide overarching executive direction and oversight" control the corporation's business activities, although other executive officers may live and work elsewhere).

14. TA/DEI-A Acquisition Corp.—a corporation—is a citizen of both Delaware and Texas because it is incorporated in Delaware and has its principal place of business and headquarters in Dallas, Texas. *See* Rosenthal Decl. ¶ 8; *see also* 28 U.S.C. § 1332(c)(1); *Hertz*, 559 U.S. at 92-93.

15. Thus, for purposes of diversity jurisdiction, the defendant here, Premier Nutrition Company, LLC, is a citizen of Missouri, Delaware and Texas. Rosenthal Decl. ¶ 11. Regardless of the (erroneous) allegations in the Complaint, Premier Nutrition Company, LLC is *not* a citizen of California. *See Muniz*, 2018 WL 1128423, at *2 ("Because Defendant is an LLC rather than a corporation, its principal place of business and state of formation do not establish its citizenship.").

16. Plaintiff is a citizen of California. *See* Compl., Ex. 1, at ¶ 9.

17. Accordingly, minimal diversity exists under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A).

**B.    The Number of Class Members Exceeds 100**

18. Plaintiff brings this case on behalf of "[a]ll persons who purchased in California any Joint Juice product from March 1, 2009 until June 20, 2016." Compl., Ex. 1, at ¶ 112. "The Class contains many thousands of members." *Id.* ¶ 114. Therefore, CAFA's requirement that the putative class consists of more than 100 members is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

**C.    The Alleged Amount in Controversy Exceeds $5 Million**

19. Plaintiff alleges that the amount in controversy is approximately $32 million. *See* Compl., Ex. 1, at ¶ 111 ("[C]onsumers have paid over $32 million for Joint Juice in California alone during the class period."). Plaintiff has also pled that she seeks injunctive relief and

requests that Premier "provide full restitution to Plaintiff and Class members." *Id.* ¶ 120. Thus, Plaintiff seeks $32 million in restitution. The amount in controversy therefore exceeds the $5 million statutory requirement. *See* 28 U.S.C. § 1332(d)(2).

20. Moreover, although the Court may not ultimately award restitution amounting to the full purchase price, that does not change the jurisdictional analysis. "The ultimate inquiry is what is put 'in controversy' by the plaintiff's complaint, not what defendant will *actually* owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). Plaintiff's Complaint places $32 million at issue. *See* Compl., Ex. 1, ¶¶ 111, 120.

### D. No CAFA Exception Exists

21. Plaintiff bears the burden of showing that an exception to CAFA jurisdiction applies. *See, e.g., Serrano v. 1800 Connect, Inc.*, 478 F.3d 1018, 1021-22 (9th Cir. 2007). However, no such exception applies here. *See id.* at 1022-23.

### III. THIS NOTICE IS TIMELY

22. Under 28 U.S.C. § 1446, Premier has thirty days from date of service to file the notice of removal. *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading"); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (removal period is not triggered "by mere receipt of the complaint unattended by any formal service"); *Quality Loan Serv. Corp. v. 24702 Pallas Way, Mission Viejo CA*, 635 F.3d 1128, 1133 (9th Cir. 2011) ("[A]ctual notice of [an] action is insufficient; rather, the defendant must be 'notified of the action, and brought under a court's authority, by formal process,' before the removal period begins to run.") (quoting *Murphy Bros.*, 526 U.S. at 347).

23. Here, Premier was served under California Code of Civil Procedure § 415.30 on September 24, 2020, when Premier executed the Notice and Acknowledgment of Receipt. *See* Exhibit 2. Thus, the thirty-day removal period began to run on September 24, 2020. *See Llanos v. Delta Air Lines, Inc.*, No. 2:19-cv-10757-VAP-ASx, 2020 WL 635477, at *2 (C.D. Cal. Feb. 11, 2020) (the "language [of Cal. Code. Civ. P. § 415.30] plainly states service is effective only

when a defendant has signed and returned the form, and courts unanimously have come to the same conclusion"); *Harper v. Little Caesar Enterprises, Inc.*, No. SACV 18-01564-JLS-JDE, 2018 WL 5984841, at *2 (C.D. Cal. Nov. 14, 2018) (finding that the thirty-day removal period was triggered when defendant signed the notice and acknowledgement of receipt based on the "plain language" of California Code of Civil Procedure § 415.30); *Luchetti v. Hershey Co.*, No. C 08-1629 SI, 2008 WL 2331965, at *3 (finding that defendant's execution of the notice and acknowledgment "completed plaintiff's formal service of process under § 415.30 and triggered defendant's 30-day period to file notice of removal").

24.  Because Premier filed this Notice of Removal within thirty days of September 24, 2020, it is timely.

## IV.  ALL OTHER STATUTORY REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

25.  This Notice of Removal is properly filed in the United States District Court for the Northern District of California because the Superior Court of the State of California for the County of Alameda is located in this judicial district.  *See* 28 U.S.C. § 1441(a).

26.  This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See* 28 U.S.C. § 1446(a).

27.  Consent to federal jurisdiction is not necessary given that the basis for federal jurisdiction is CAFA.  *See* 28 U.S.C. § 1453(b) ("A class action may be removed to a district court of the United States in accordance with section 1446 . . . except that such action may be removed by any defendant without the consent of all defendants.").  In any event, Premier Nutrition Company, LLC is the sole defendant.

28.  No previous application has been made for the relief requested herein.

29.  Pursuant to 28 U.S.C. § 1446(a), a copy of all processes, pleadings and orders served upon Premier in this action, which include the Complaint and Summons, are attached.  *See* Exs. 1 and 2.

30.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly served on the Plaintiff and promptly filed with the clerk of the Superior Court of the

State of California for the County of Alameda.

31.     No admission of fact, law or liability is intended by this Notice of Removal, and Premier expressly reserves all defenses, counterclaims and motions otherwise available to it.

## V.     CONCLUSION

For the foregoing reasons, Premier respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings of this matter in the Superior Court of the State of California for the County of Alameda. Premier further requests such other and further relief as the Court deems appropriate.

Dated:  October 23, 2020

VENABLE LLP

By:  /s/ Angel A. Garganta
        Angel A. Garganta

*Attorneys for Defendant*
PREMIER NUTRITION COMPANY, LLC.

**PROOF OF SERVICE**

STATE OF CALIFORNIA        )
                           ) ss.
COUNTY OF SAN FRANCISCO    )

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 101 California Street, Suite 3800, San Francisco, CA 94111.

On, October 23, 2020, I served a copy ☑ / original ☐ of the foregoing document(s) described as **DEFENDANT PREMIER NUTRITION COMPANY, LLC'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** on the interested parties in this action addressed as follows:

BLOOD HURST & O'REARDON, LLP        *Attorneys for Plaintiff*
Timothy G. Blood
Leslie E. Hurst
Thomas J. O'Reardon
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619.338.1100
tblood@bholaw.com
lhurst@bholaw.com
toreardon@bholaw.com
pbrown@bholaw.com

ALTAIR LAW
CRAIG M. PETERS (184018)
465 California St., 5th Floor
San Francisco, CA 94104
Tel: 415/988-9828
cpeters@altairlaw.us

CARLSON LYNCH SWEET KILPELA
& CARPENTER, LLP
TODD D. CARPENTER (234464)
1350 Columbia Street, Suite 603
San Diego, CA 92101
Tel: 619/762-1910
tcarpenter@carlsonlynch.com

☑   By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

☑ **BY MAIL (FRCP 5(b)(2)(C))**: I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 101 California Street, Suite 3800, San Francisco, California, in the ordinary course of business.

☑ **BY ELECTRONIC MEANS (FRCP 5(b)(2)(E)):** Pursuant to FRCP 5(b)(2)(E), I served the above stated document by electronic means to the interested parties in this action whose names and e-mail addresses are listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. Service by e-mail or electronic means was agreed upon based on an agreement of the parties to accept service.

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on October 23, 2020, at San Francisco, California.

_____
Nicholette N. Prince